IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freeman Wray, #308853,<br>Petitioner, | )<br>)<br>) |
| -versus- | ) C. A. No. 2:09-2676-RBH-RSC<br>) |
| Cecilia R. Reynolds, Warden<br>Kershaw Correctional<br>Institution,<br>              Respondent. | ) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on December 15, 2009. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, Freeman Wray, is presently confined in the Kershaw Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Spartanburg County conviction and sentence. The Spartanburg County Grand Jury indicted Petitioner at the August 2003 term of court for incest (03-GS-42-3115) and criminal sexual conduct (CSC) with a minor in the second degree (03-GS-42-3116). App. pp. 52-54. The Spartanburg County Grand Jury subsequently indicted him at the November 2003 term court for solicitation to commit

1

kidnapping (03-GS-42-4197). App. pp. 50-51. Mick Bartosh, Esquire, represented him on these charges.

On April 27, 2005, he pled guilty to CSC with a minor in the second degree and solicitation, before the Honorable J. Derham Cole. Judge Cole sentenced him to twenty (20) years imprisonment, suspended upon the service of ten (10) years imprisonment and five years probation years, for CSC with a minor in the second degree. He imposed a concurrent ten year sentence for solicitation. App. pp. 1-45. Petitioner did not appeal his conviction or sentence.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (05-CP-42-3969) on December 13, 2005. He alleged the following grounds for relief in his Application:

> 1. Ineffective assistance of counsel [based upon counsel's failure to prepare for trial];
>
> 2. Due process violation; and
>
> 3. Lack of subject matter jurisdiction.

App. pp. 55-58. The State filed its Return on June 29, 2006. App. pp. 59-64.

The Honorable Roger L. Couch held an evidentiary hearing into the matter on April 17, 2007, at the Spartanburg County Courthouse. Petitioner was present at the hearing and Sean Giovenetti, Esquire, represented him. Assistant Attorney General S. Prentiss Counts represented the State. Petitioner testified

on his own behalf at the hearing. Unfortunately, trial counsel was deceased by the time the hearing was held. App. pp. 65-1; 94.

On September 17, 2007, Judge Couch filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. Judge Couch addressed Petitioner's claims that trial counsel was ineffective (1) for failing to prepare; (2) for failing to contact Petitioner's alibi witness; and (3) for allegedly coercing Petitioner into pleading guilty. Judge Couch also addressed Petitioner's complaint that the guilty plea transcript was incomplete and invalid. App. pp. 93-100.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Elizabeth A. Franklin represented him and on February 22, 2008, Franklin filed a Johnson Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The Question Presented was:

> Did the PCR judge err in finding trial counsel effective where trial counsel was not sufficiently prepared to take Petitioner's case to trial?

Johnson Petition for Writ of Certiorari at p. 2.

On May 12, 2008, Petitioner subsequently filed his "Pro Se Response to Johnson Petition for Writ of Certiorari," in which he raised the following questions:

> "1. Did the PCR judge err in finding trial counsel effective where trial counsel was not sufficiently prepared to take Petitioner's case to trial?
>
> 2. Did the trial judge violate the Sixth Amend.,

3

S.C. Const. Art I, § 19. In doing so did the trial judge violate Canons 1, 2, 3, 4. Collaterally, did the trial judge violate his sworn oath?

3. Did the trial judge prejudice the defendant of a public[,] fair[,] impartial trial when he emptied the courtroom of all spectators?

4. Did the [Spartanburg] Solicitor ANTHONY LIEBERMAN violate Rule 5 [and] Brady discovery, statutory SCRCP.?

5. Did the trial judge violate substantive and procedural Due Process?

6. Did the trial judge prejudice the accused?

7. Did the Sptbg. City Det. violate rules of evidence by coercive methods?

8. Did the court reporter violate statutory rules for court reporter's?

9. Did the PCR atty. violate the Six[th] Amend, U.S.C.A, S.C. Const. Art. I, §14, and statutory rules to produce witnesses; and collaterally, prejudice the accused of competent effective asst. of coun. failure to investigate? <u>failure to file Rule 59 E motion to preserve any/all issues not raised</u>?

10. Did the State violate Speedy trial rights . . . Did the State violate the 8th Amend, U.S.C.A.?

11. Did the State judges, prosecutors, defense atty., City Det Sptbg Police violate and abridge the fundamental guaranteed Rights?

12. Did the trial judge violate [SCRCP] STATE Sol. (4) Extrajudicially learning events outside the court room, and failing to recuse himself from the trial proceeding?"

Petitioner also filed a <u>pro se</u> "Motion for Brady Material and All Documents Relevant to this Appeal," dated April 24, 2008. The

4

Clerk of the South Carolina Supreme Court sent collateral appellate counsel a letter on April 28, 2008, enclosing the filing and stating that the Court would not take any action on the motion because Petitioner was represented by counsel. The letter further directed counsel to seek any relief that she may feel is appropriate. The letter cites Jones v. State, 348 S.C. 13, 558 S.E.2d 517 (2002) ("while we have considered the pro se amended petition for a writ of certiorari forwarded to the Court in the case at hand, in the future we will not accept pro se filings simply forwarded through counsel. Counsel shall instead use professional judgment in reviewing the documents and shall submit the client's arguments only if relevant and only after they have been edited by counsel for review by the Court"); State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564 (1998) (accused did not have anyright to hybrid representation at trial); and Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989) (PCR petitioner, represented by counsel, did not have any right to hybrid representation). See also, Koon v. Clare, 338 S.C. 423, 527 S.E.2d 357 (2000).

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on October 8, 2008. It sent the Remittitur to the Spartanburg County Clerk of Court on October 24, 2008.

The following documents have been made part of the record

5

here:

    1. Appendix, the Honorable Roger L. Couch, Special Circuit Court Judge;

    2. <u>Johnson</u> Petition for Writ of Certiorari dated February 22, 2008;

    3. Pro Se Response to <u>Johnson</u> Petition for Writ of Certiorari dated May 12, 2008;

    4. Pro se "Motion for Brady Material and All Documents Relevant to this Appeal," dated April 24, 2008;

    5. Letter dated April 28, 2008 from the Clerk of the South Carolina Supreme Court to collateral appellate counsel;

    6. South Carolina Supreme Court's Order dated October 8, 2008;

    7. Remittitur dated October 24, 2008;

    8. Affidavit of Linda D. Moffitt, Court Reporter for the Seventh Judicial Circuit and letter to the Honorable Roger L. Couch both dated April 23, 2007;

    9. SCDC Records/Indictments/Spartanburg Clerk of Court Records.

**HABEAS ALLEGATIONS**

Petitioner raises the following allegations in his pro se Petition for Writ of Habeas Corpus:

**"GROUND ONE:** Ineffective assistance of trial counsel and appellate counsel during the trial.

**SUPPORTING FACTS:** Trial counsel never contacted petitioner over a 21-22 month period; counsel never formed close bond client; although petitioner himself, my brother Joseph H. Wray, my Son, K. A. Wray went personally in 2004 to the Spartanburg Public Defender's Office; and were denied conference with Michael Bartosh; Alfredo

6

Ann Reid, Chief Public Defender offering
exculpatory evidence. . .trial counsel was rude
and tried to cross her up. . .and told just to
stay out of it, then hung phone up. Trial counsel
said that State has no evidence against you, but
trial counsel did not hold State to actual proof.
(See Argument to Habeas Corpus).

**GROUND TWO:** Trial Judge violated Petitioner's due
process and equal protection rights during trial
and sentencing.

**SUPPORTING FACTS:** Because of a letter petitioner
and his brother wrote to the Accreditation for Law
Enforcement and Agencies in Fairfax, VA
complaining about the trial Judge Derham Cole; the
Spartanburg judicial system trial judge had
knowledge of such letter through extra-judicial
resources; trial Judge Derham Cole was invidious,
prejudice. See attached. Trial Judge Derham Cole
prosecuted petitioner instead of justice and/or
prosecution; trial Judge Derham Cole's colloquy
did not ask petitioner are you ready to proceed?
Are you satisfied with your attorney? Judge Cole
forced trial counsel to represent petitioner's
case, and made petitioner accept trial counsel
against his will and my will unconstitutionally.

**GROUND THREE:** The prosecutor never produced any
physical evidence charging petitioner with crime.

**SUPPORTING FACTS:** The prosecutor never produced
any physical evidence. The prosecutor never gave
Brady discovery to petitioner before or after
trial; prosecutor did not disclose that Michelle
Heather Self was incarcerated in Phoenix, AZ;
prosecutor used subterfuge to prevent petitioner
from going to trial and accept Alford plea...
prosecutor only disclosed that affiant was in
Phoenix, AZ in jail after he and trial counsel
worked together in withholding Brady discovery.
See attachment of Petitioner's Argument.

**GROUND FOUR:** The transcript is deficient and
written to cover up all the United States
Constitutional violations committed during trial
proceedings.

7

>**SUPPORTING FACTS:** There is no record in the
>proceeding where trial judge emptied courtroom
>while petitioner addressed court...no mention of
>trial counsel saying Mr. Wray says he's going to
>file grievance and have any license revoked-I
>don't' want to represent him-Judge Cole forced
>trial counsel to represent petitioner-there was no
>mention of trial Judge arguing with petitioner and
>saying this court will tell you what your
>constitutional rights are - I said Judge Cole what
>about my 5th, 6th, 8th, 14th constitutional
>rights-There is no record of trial counsel's file,
>no record of proof of crime charged. See
>Petitioner's Arguments."

Petitioner also raises the following nineteen (19) issues in the Memorandum supporting his pro se Petition for Writ of Habeas Corpus:

>"1. Was the trial counsel ineffective when he
>never communicated with petitioner for a period of
>21-22 months?
>
>2. Was the trial counsel ineffective when he
>turned away petitioner's key witnesses and told
>witnesses they're going to take Mr. Wray down
>anyway the best thing for you to do is just stay
>out of it then trial counsel hung up the phone?
>
>3. Did the trial counsel prove he was ineffective
>and his services fall well below ABA standards
>when he did not interview witnesses, nor did
>counsel investigate?
>
>4. Did the PCR attorney be ineffective when he
>did not hold meaningful conferences with
>petitioner?
>
>5. Was the PCR attorney ineffective when he did
>not hold court to prove of crime instead of
>State's word of mouth statements?
>
>6. Did the PCR attorney violate petitioner's 6th
>and 14th Amendments when he blatantly omitted
>calling, or subpoenaing inculpatory witnesses?

8

7. Was the Appellate Defense attorney ineffective when raised only one issue; basing her finding upon a deficient re-edited transcript; when petitioner told her that transcript was deficient?

8. Was the Appellate Defense attorney ineffective when she knowingly admitted that in her argument on pp. 4-6 that trial counsel was not prepared for trial, and that the trial was arbitrary, bias, invidious toward the petitioner when he tried to bring his concerns to the attention of the trial judge?

9. Was the Appellate Defender ineffective after she stated that on pp. 4-6 that the colloquy by the trial judge was not sufficient to inquire whether or not the trial counsel was prepared for trial; petitioner's conviction should be vacated because the record is entirely devoid of any information relating to the scope of the independent investigation conducted in this case, there is no showing that his attorney was prepared to take his case to trial?

10. Did the Appellate Defense attorney prejudice the petitioner by seeking the <u>Johnson</u> Petition and the petition to be relieved as counsel on p. 7; after in the same breathe on pp. 4-6 that the trial counsel, the trial judge deprived petitioner from having a fair and impartial trial? As afforded by the 5th, 6th, 8th and 14th Amendments of the United States Constitution?

11. Did Linda D. Moffitt the court reporter violate the Court Reporter Act (The Act) 28 U.S.C. Section 753(b)?

12. Did Pamela E. Green the Court reporter violate the Court Reporter Act (The Act) 28 U.S.C. Section 753(b)?

13. Did Paula Brewster, Spartanburg City Detective violate the 6th and 14th Amendments by intimidating exculpatory witnesses?

14. Did Attorney Michael Brown and the County Magistrate violate the 6th and 14th Amendments by examining the accused for inculpatory purposes without the accuse's counsel being present?

> 15. Did Assistant Public Defender Jane Cheek violate the 14th amendment knowingly being accessory to an indicative, invidious, trial judge. . . and being privy to plans of trial counsel's ineffective schemes?
>
> 16. Did the Spartanburg County Clerk of Court, Mr. Marc Kitchens violate the United States Constitution's 1st and 14th Amendments Equal Protection of the law?
>
> 17. Did the State prosecution violation the 6th, 14th, and 1st Amendments for petitioner to ask the government for readdress of grievances?
>
> 18. Did the State, trial judge, and Chief Public Defenders violate petitioner's 8th Amendment?
>
> 19. The Spartanburg City municipal and Spartanburg County, State, violate my 16th Amendment, fast and speedy trial rights?

On December 16, 2009, the petitioner was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a response to the motion on January 20, 2010. Hence it appears consideration of the motion is appropriate.

## **APPLICABLE LAW**

### STATUTE OF LIMITATIONS

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. §2254(d)(2).

## EQUITABLE TOLLING

Generally, a petitioner seeking equitable tolling of the AEDPA statute of limitations bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) (citations omitted). Equitable tolling is available only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) cert. denied, 516 U.S. 832, 116 S.Ct. 107, 133 L.Ed.2d 60 (2004); see also, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own

11

conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000).

Furthermore, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Harris, 209 F.3d at 330-32. Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). See also, Smaldone v. Senkowski, 273 F.3d 133, 138 (2nd Cir. 2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires.")

Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also Jones v. South Carolina, 2006 WL 1876543, (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable

12

tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

Lastly, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402. "[E]quity is not intended for those who sleep on their rights." See, Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

**DISCUSSION**

A review of the record and relevant case law reveals that the petition was filed beyond the one year statute of limitations and is not subject to equitable tolling. Therefore the petition should be dismissed as untimely.

Here, it appears that Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). His state court conviction became final ten days after April 27, 2005, the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR. Thus, his

convictions became final on May 9, 2005[1], and he thereafter had one year within which to file a habeas petition.

Petitioner filed his PCR Application (05-CP-42-3969) on December 13, 2005. This was two hundred eighteen (218) days after his conviction became final. PCR proceedings concluded when the state supreme court sent the Remittitur to the Spartanburg County Clerk of Court on October 28, 2008.

The Houston v. Lack, 487 U.S. 266 (1987) "delivery" date for his Petition for Writ of Habeas Corpus, based upon the date it was received in the prison mail room, is October 9, 2009. This is three hundred forty-six (346) days after the state PCR review had ended in 05-CP-42-3969; but five hundred sixty-four (564) days after his conviction became final. Therefore, the Petition is barred by the one year time limit set forth in § 2244(d)(1).

In his opposition to the respondent's summary judgment motion, the petitioner objected to the statute of limitations bar and asked the court "to excuse any lateness" because he was "prevented access to the Law Library because of Instin'l

---

[1] A review of a calendar for the year 2005 reflects that May 7, 2005, the tenth day after his plea was a Saturday. Therefore, he had until the following Monday to serve his notice of appeal. See Rule 234(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period ....is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday").

Lockdowns over and over for reasons of security... ." Opposition at 1.

Petitioner has not carried his burden to show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGugliemo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Courts have found that Petitioner's asserted reasons are not "rare instances" justifying equitable tolling. Darby v. Cartledge, 2009 WL 3525287 (D.S.C. 2009)(quoting Ballard v. Carey, 2006 WL 547995 (E.D. Cal. 2006)), see also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Bums v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004) (lockdowns not extraordinary) (citing Harris, 209 F.3d at 330-32). Petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations.

## **CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed as untimely and this matter ended.

Respectfully Submitted,

*Robert S Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 9, 2010