UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Freeman Wray, ) | Civil Action No.: 2:09-cv-02676-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Cecilia R. Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Kershaw Correctional Institution, in Kershaw, South Carolina.

Respondent filed a motion for summary judgment on December 15, 2009, along with a return and memorandum. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 16, 2009, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner subsequently filed a timely response to the motion.

This matter is now before the court with the [Docket Entry 13] Report and Recommendation of United States Magistrate Judge Robert S. Carr[1] filed on February 9, 2010. In his Report, the Magistrate Judge recommended that the court should dismiss Petitioner's habeas corpus petition as untimely. Petitioner filed objections to the Report on February 22, 2010.[2]

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery of prison authorities for forwarding to district court).

**Relevant Background**

On April 27, 2005, Petitioner pled guilty to criminal sexual conduct with a minor in the second degree and solicitation. The court sentenced Petitioner to twenty years' imprisonment, suspended upon the service of ten years' imprisonment and five years probation. Petitioner did not appeal his conviction or sentence.

Petitioner filed a *pro se* application for Post-Conviction Relief (PCR) on December 13, 2005. After holding an evidentiary hearing, the PCR court filed an order of dismissal on September 17, 2007. Petitioner timely served and filed a notice of appeal of that decision. Ultimately, the South Carolina Supreme Court filed an order denying certiorari on October 8, 2008. It sent remittitur to the Spartanburg County Clerk of Court on October 24, 2008.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Applicable Law**

28 U.S.C. § 2244(d) specifically provides the following:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

In his Report, the Magistrate Judge concluded that Petitioner's habeas petition was untimely and therefore should be dismissed. Specifically, the Magistrate Judge found that Petitioner filed his petition for habeas corpus relief five hundred sixty-four (564) days after his conviction became final. The Magistrate Judge further concluded that Petitioner was not entitled to equitable tolling of the limitations period, because institutional lockdowns due to security reasons are not "rare instances" justifying equitable tolling. Report at 15. Petitioner objects to these recommendations.[3]

---

[3] The court notes that Petitioner made several objections to the Magistrate Judge's Report and Recommendation. However, the Report recommends disposal of the case based on the one-year limitation period under 28 U.S.C. § 2244(d)(1). Only three (3) of Petitioner's objections relate to this ruling. The remaining objections relate to the merits of Petitioner's claims, which neither the Report nor this Order reach. Accordingly, this court only discusses Petitioner's three (3) relevant objections in this Order.

3

Plaintiff's first objection is that the Magistrate Judge's computation of time is incorrect. Petitioner contends that the Magistrate Judge failed to take into account a three (3) month continuance granted by the PCR court and a thirty (30) day continuance granted by the South Carolina Supreme Court. However, upon review, it appears that the dates of the continuances fall within the periods of time the Magistrate Judge considered tolled under the statute. Therefore, even if the Magistrate Judge failed to consider the two continuances, they would have no effect on the ultimate time computation in this case. Accordingly, the court agrees with the Magistrate Judge that Petitioner failed to file this petition for a writ of habeas corpus within the one-year limitations period provided by 28 U.S.C. § 2244(d)(1), and therefore this habeas petition is untimely.

Plaintiff's second objection is that he should be entitled to equitable tolling of the limitations period. Plaintiff contends that there were periods of "36 days – 11 days – 7 days – 4 days over and over again in which petitioner was hindered from going to law library to research his case" due to "lock downs because of security reasons." Plf's. Obj. [Docket Entry 15] at 2. Plaintiff submits that these lockdowns constitute a "unique circumstance" entitling him to equitable tolling. The court finds this objection to be without merit. First, the court notes that equitable tolling is disfavored, and "any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Second, as the Magistrate Judge correctly noted, courts have found that Petitioner's asserted reasons are not extraordinary circumstances justifying equitable tolling. *See Darby v. Cartledge*, No. 8:08-cv-3793-TLW, 2009 WL 3525287

at *1 (D.S.C. Oct. 23, 2009); *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (stating that "limited access to the prison law library is not grounds for equitable tolling"); *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (holding that prison conditions, such as lockdowns, are normally not grounds for equitable tolling). Finally, the cases cited by Petitioner in his objections do not support his argument. Not only do the cases deal with a separate issue–exceptions to an untimely filing of a notice of appeal–but both cases have been recently overruled. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Accordingly, Petitioner is not entitled to equitable tolling of the relevant statute of limitations.

Finally, Petitioner argues that because he is raising an issue regarding subject matter jurisdiction, the statute of limitations does not apply. However, Petitioner's argument is without merit. First, "a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review." *Dowdy v. Warden, Broad River Corr. Inst.*, No. 8:07-cv-1706-PMD, 2008 WL 2462823 at *4 (D.S.C. June 13, 2008).

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted [maxim] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts.

*Johnson v. McCall*, No. 4:08-cv-3840-CMC-TER, 2010 WL 960335 at *1 n.1 (D.S.C. March 12, 2010) (citing *Pulley v. Harris*, 465 U.S. 37 (1984), and *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998)). Second, Petitioner has not established that the one-year statute of limitations does not apply in his case. In similar cases, courts have held that "[t]here is no exception under the AEDPA for subject matter jurisdiction claims ," and, in the case at bar, Petitioner has not proven

that any such exceptions exist. *Dowdy*, 2008 WL 2462823 at *5 (quoting *Moore v. Ozmint*, No. 8:06-0990-GRA-BHH, 2006 WL 2873620 at *1 (D.S.C. Oct. 4, 2006)). Therefore, because the instant petition was clearly filed outside the one-year limitation period, and Petitioner is not entitled to equitable tolling, the Magistrate Judge properly determined that Petitioner's habeas petition is time-barred.

## Conclusion

The court has thoroughly reviewed the Report, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's habeas petition is **DISMISSED** as untimely and this matter is hereby ended.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 7, 2010
Florence, South Carolina